BIRDSALL v. ASHLAND MACH. CO. See Case No. 1,434.

---

## Case No. 1,433.

BIRDSALL v. HAGERSTOWN AGRICULTURAL IMPLEMENT MANUF'G CO.

[1 Ban. & A. 426;[1] 6 O. G. 604.]

Circuit Court, D. Maryland. Sept., 1874.

PATENTS—INFRINGEMENT — PRELIMINARY INJUNCTION—FORMER ADJUDICATION—EVIDENCE.

In another suit, against other defendants, but in which these defendants contributed to the defence, the complainant's patent had been sustained. Upon a motion, in this suit, for a preliminary injunction, the defendants claimed to be able to produce, if the opportunity were given, additional witnesses to establish the contrary of some of the facts found in the other suit, which would invalidate the complainant's patent, by showing its want of novelty: *Held*, that whatever may be the effect of the additional testimony upon the case at the final hearing, the complainant ought now to have the benefit of his adjudicated rights, and is entitled to an injunction.

[In equity. Bill by John C. Birdsall against the Hagerstown Agricultural Implement Manufacturing Company for infringement of letters patent No. 35,209, granted to complainant May 13, 1862. Complainant moves for a preliminary injunction, which motion was granted.]

Fisher & Duncan, for complainant. A. Stirling, Jr., for defendants.

BOND, Circuit Judge. This is a motion for a preliminary injunction. The complainant has, heretofore, in the circuit court of the United States for the northern district of Ohio, had all the material facts alleged in his bill, adjudicated in his favor, in a suit

against other defendants, [Birdsall v. McDonald, Case No. 1,434,] and it is admitted that the defendants in this suit are using the same machine that, in that case, was determined to be a violation of the complainant's patent. The defendants allege, however, that, if an opportunity be given, they can produce additional witnesses to establish the contrary of some of the facts found by the court in the Ohio suit, which would overthrow complainant's patent altogether, by showing its want of novelty. The complainant, however, is certainly now entitled to the benefit of the adjudication already had; and, though the defendants in this suit was not a party to the record in the various suits brought in other of the courts, where the validity of this patent was in controversy, yet, they contributed to the defence of such suits, and it would not be equitable, now to allow them to proceed to manufacture this patented article, because, they say, in their answer, they can produce more witnesses to testify to a particular fact already determined, which was in controversy, and touching which, they have already examined witnesses. Whatever may be the effect of this additional testimony, upon the case, at the final hearing, the complainant ought to have the benefit of his adjudicated rights, now. The injunction will be ordered, as prayed.

[NOTE. Patent No. 35,209 was granted to J. C. Birdsall May 13, 1862. For other cases involving this patent, see Birdsall v. McDonald, Case No. 1,434; Perrigo v. Spaulding, Id. 10,-994. For subsequent proceedings, to punish for a contempt in violating the injunction, see Case No. 1,436.]